1837.

GEER
v.
KISSAM.

---

## GEER v. KISSAM and others.

---

Although equity may have a right to decree the delivery up of a promissory note, yet, where an action has been brought upon it and a bill is filed to aid the discovery and such discovery is given and the case appears to be such that the party complainant has a defence at law and evidence to support it, an injunction which restrained such action will be dissolved, although the bill prays relief as well as discovery.

---

MOTION to dissolve an injunction on bill and answer.

The bill set forth that the complainant, Seth Geer, had entrusted the defendant, Joseph King, with a promissory note for two thousand dollars to be discounted or have money raised upon it and the amount paid over to the complainant; but that, instead of doing so, King had passed it away to the defendant Samuel Kissam in part payment of real estate, who had afterwards passed it away to the other defendants, Timothy T. Kissam and John M. B. Bogert, trading under the style of T. T. Kissam and Co. It also set forth that the latter firm had commenced an action in the Superior court of the city of New-York against the complainant on the said note; and claimed a discovery in aid of such action. The bill was drawn for relief as well as discovery; and prayed that the action might·be stayed and all proceedings on the note perpetually enjoined.

An injunction had been granted.

On the coming in of the answers, a motion was made to dissolve the injunction.

VOL. III.—17

*June* 28,
1837.

*Action at Law.
Injunction.
Discovery and Relief.*

1837.

GEER
*v.*
KISSAM.

July 24.

Mr. *Sherwood*, for the defendants.

Mr. *Bonney*, for the complainant.

THE VICE-CHANCELLOR :—A discovery here is not necessary for the purposes of evidence on the trial at law. The complainant can call Samuel Kissam as a witness and compel him to testify how and for what consideration he obtained the note from King and upon what consideration and for what purpose he passed the note to the plaintiffs in the suit at law. Having, however, obtained the discovery by the answers of the defendants : is there any necessity for retaining the injunction to the hearing for the purposes of relief in this court ? If, as the complainant contends, the defendants who have brought the suit at law are not the *bona fide* holders of the note for valuable consideration and he now has or can have evidence to show it by the answers of the defendants or by the examination of Samuel Kissam as a witness, and he can moreover prove, as he must do, whether the cause be in this court or in the court of law, that as between him and King, the payee, there was no consideration for the note (and King, though a co-defendant with him in the suit at law, may still be a witness for him there, provided he is competent any where,) then the complainant has a perfectly good defence at law and can defeat the action on the note.

But it is said, this court has jurisdiction nevertheless to decree the delivery up of the note to be cancelled ; and, having obtained possession of the cause, will retain it for that purpose. I have already shown that it was not necessary to take cognizance of this case for the purpose of discovery to aid the defence at law ; and I am of opinion this is not a case in which the court ought to retain the bill for the sake of granting relief, but should leave the complainant to make his defence at law. The note being now past due, can be negociated no further to the complainant's prejudice. It will always be subject to the same equity and defence in the hands of any subsequent holder that it is now subject to, even if the present holders should discontinue the present suit and pass the note off to a third person. It is only where there is danger that a negotiable instrument improperly obtained or which ought not

to be negotiated will get into the hands of a *bona fide* holder without notice and for valuable consideration to the prejudice of the rights of the maker or person entitled to the possession of it, that this court ought to interfere to restrain the negotiation and to cause it to be delivered up: Eden on Injunction, 210.; Amb. Rep. 66.

I find no case where the court has gone further in relation to these instruments, the consideration of which can always be inquired into at law as well as the title of the holder; and in some instances, the burden of proof can be thrown upon the holder to show how he came by it and for what consideration before he can be permitted to recover: *Morton* v. *Rogers*, 14 Wend. 575.

Without expressing any opinion upon the rights of these parties, which I consider are purely legal and depend upon questions which can, without difficulty, be tried and determined at law, I shall leave the case to that tribunal.

Order accordingly, dissolving the injunction—costs to abide the event.