Field agt. Holbrook and others.

## SUPERIOR COURT.

Cyrus W. Field, respondent, agt. Darius B. Holbrook and others, appellants.

The exercise of the jurisdiction of a court of equity to order instruments in writing to be delivered up and cancelled, is confined to the following classes of cases:—

1st. When the plaintiff alleges that the instrument which he prays may be surrendered or cancelled is void upon grounds of which a court of equity alone can take cognizance; in other words, when he sets up a purely equitable defence.

2d. When the instrument is a deed or other document concerning real estate, which, although inoperative if suffered to remain uncancelled, would throw a cloud upon the title of the plaintiff to the lands which it embraces, or to which it refers.

3d. When the instrument is negotiable in its character, as a bill of exchange, and the putting it into circulation by the holder would be a fraudulent act. And,

4th. Where the plaintiff claims to have a defence valid in law, but which rests upon evidence that he is in danger of losing, if the adverse party is suffered to delay the prosecution of his claims.

Although these several classes differ widely in their special circumstances, yet when examined, it will be found that, in all, the decisions and authorities upon these points rest substantially upon the same grounds; and these grounds are, that the plaintiff will either sustain a present, or be exposed to the hazard of a future injury and loss, should the defendant be suffered to retain the possession of the instrument of which the delivery and cancellation are demanded. They are all referable to one common and acknowledged head of equity jurisdiction—the prevention of an injury that might otherwise prove irreparable, and which a court of equity is alone competent to avert or prevent.

A court of equity will not order an instrument to be delivered up and cancelled which, upon its face, is plainly illegal and void. Nor a deed of lands, when it is certain that, from its nature and contents, it can throw no cloud upon the title of the plaintiff. Nor a negotiable instrument that has been merged in a judgment. Nor a policy of insurance that had been rendered void by a deviation. And in all these cases the denial of the relief rests upon one and the same ground, namely, that the plaintiff is exposed to no hazard from any future litigation, since it is certain that in no action founded on the instrument can a recovery be had against him.

Therefore, where a contract, held by the defendant, is alleged to be void from his inability to establish the facts, which he must prove upon a trial to entitle him to maintain his action, and this inability arises from the non-existence of such facts; it is certain that it cannot be removed, and therefore certain that the plaintiff is exposed to no hazard from any future litigation—no more than he would be if the contract were illegal and void upon its face; and a court of equity will refuse to order such contract to be delivered up or cancelled.

When an application is made to the discretionary power of a court of equity, as for the delivery up and cancelling of a written instrument, the special circumstances that can alone justify its exercise must be set forth in the complaint, since these are emphatically the facts that constitute the cause of action.

*General Term, March,* 1857.

*Present,* OAKLEY, *Ch. J.,* DUER, BOSWORTH, HOFFMAN, SLOSSON *and* WOODRUFF, *Justices.*

APPEAL from an order overruling the demurrer to the complaint.

D. D. FIELD, *for respondent.*
D. LORD, *for appellants.*

By the court—DUER, Justice. It was admitted, upon the argument, by the learned counsel for the defendants, who have demurred, that, admitting the allegations in the complaint to be true, and the demurrer admits their truth, the written contract of which these defendants retain the possession has been rendered void in their hands, from their failure and inability to comply with its provisions, within the time limited for their performance.

The main question to be determined, therefore, is, whether, upon this admitted statement of facts, the jurisdiction of the court can be properly exercised by ordering the contract to be delivered up and cancelled. The question is, in a measure, novel, and possesses a more than ordinary interest and importance.

It cannot be denied, that in numerous cases the court of chancery has exercised the jurisdiction that is questioned, by ordering an instrument in writing to be delivered up and cancelled, upon the ground that it was either void in its origin or had been rendered so by subsequent events; and it is just as undeniable that, in many cases in which the instrument in question was admitted to be absolutely void, the court has refused to compel its surrender: and although the cases thus referred to seem to be opposed, it must also be confessed that they carry with them an equal weight of authority. As the decisions proceed upon distinct grounds, there is in reality no conflict between them, and the inquiry therefore is, which, as most applicable to the case before us, are we now bound to follow? and this can only be answered by ascertaining the reasons upon which they are respectively founded.

I am convinced, by an attentive examination of the authorities, that the cases in which alone, the jurisdiction of which the exercise is now claimed, can be said to be established and undoubted, may be reduced to the following classes:—

*First.* When the plaintiff alleges that the instrument which

he prays may be surrendered or cancelled, is void, upon grounds of which a court of equity alone can take cognizance, in fewer words when he sets up a purely equitable defence.

*Second.* When the instrument is a deed or other document concerning real estate, which, although inoperative if suffered to remain uncancelled, would throw a cloud upon the plaintiff's title to the lands which it embraces, or to which it refers. (*Pierce* agt. *Webb,* 3 *Barb. Ch. R.* 16 ; *Jackman* agt. *Mitchell,* 13 *Vesey Rep.* 581; *Hayward* agt. *Dunsdale,* 17 *id.* 111 ; *Attorney-General* agt. *Morgan,* 2 *Russell's Rep.* 306 ; *Petit* agt. *Shephard,* 5 *Paige's Rep.* 493 ; *Van Doren* agt. *Mayor of New-York,* 9 *Paige's R.* 388 ; 2 *Story's Eq. Jur.,* 6*th ed.,* § 700, *n.* (2)—*and other cases there cited.*)

*Third.* When the instrument is negotiable in its character, as a bill of exchange, and the putting it into circulation by the holder, would be a fraudulent act. (2 *Story's Eq. Jur., ut sup.,* § 700, *n.* (1)—*and cases there cited.*)

*Fourth.* Where the plaintiff claims to have a defence valid in law, but which rests upon evidence which he is in danger of losing, if the adverse party is suffered to delay the prosecution of his claims. (*Hamilton* agt. *Cummings,* 1 *John. Ch. R.* 520, &c.; 2 *Story's Eq. Jur., ut sup., n.* (3)—*and cases there cited.*)

Although these several classes differ widely in their special circumstances, yet when examined it will be found that, in all, the decisions rest substantially upon the same grounds, and these grounds are, that the plaintiff will either sustain a present, or be exposed to the hazard of a future injury and loss, should the defendant be suffered to retain the possession of the instrument of which the delivery and cancellation are demanded. They are all, therefore, referable to one common and acknowledged head of equity jurisdiction—the prevention of an injury that might otherwise prove irreparable, and which a court of equity is alone competent to avert or prevent.

That such are the grounds upon which in these cases the relief prayed for has been granted, is still more evident when we advert to the cases in which the same relief has been denied.

Although there is some contrariety in the earlier cases, the

law is now settled that the court will not order an instrument to be delivered up and cancelled which, upon its face, is plainly illegal and void. (*Simpson* agt. *Lord Howden,* 3 *Mylne & Craig's Rep.* 97; *Pierson* agt. *Elliot,* 6 *Peter's Rep.* 95; 2 *Story's Eq. Jur.,* § 700, (*a*)—*and cases cited.*)

Nor a deed of lands, when it is certain that, from its nature and contents, it can throw no cloud upon the title of the plaintiff. (*Cox* agt. *Clift,* 2 *Com. Rep.* 118.) Nor a negotiable instrument that has been merged in a judgment. (*Thielfall* agt. *Lunt,* 7 *Sim. Rep.* 627.) Nor a policy of insurance that had been rendered void by a deviation. (*Thornton* agt. *Knight,* 16 *Sim. R.* 509.) And in all these cases the denial of the relief rests upon one and the same ground, namely, that the plaintiff is exposed to no hazard from any future litigation, since it is certain that, in no action founded on the instrument, can a recovery be had against him.

It appears to us that this reasoning applies, in its full extent, to the case before us, and that the decisions last cited must, therefore, govern our own. We are unable to state a distinction. The contract held by the defendants is alleged to be void from their inability to establish the facts, which they must prove upon a trial, to entitle them to maintain their action, and as this inability arises from the non-existence of the facts, it is certain that it cannot be removed, and therefore certain that the plaintiff and his associates are exposed to no hazard from any future litigation. They are in no more danger of a recovery being had against them than if the contract were illegal and void upon its face.

It may, indeed, be said, that if the defendants shall be suffered to retain the possession of the contract, they may use it for the sinister purpose of harassing the plaintiff and his partners by vexatious suits; but the reply is obvious and conclusive. If the possibility that a void instrument may be vexatiously and maliciously used were a sufficient reason for ordering it to be delivered up and cancelled, it is plain, that the relief sought ought to have been granted in every case in which it has been denied, and indeed ought to be granted in every case in which, upon

sufficient grounds, the instrument is alleged to be void; for in all such cases that have arisen, or that can arise, the same possibility will be found to exist.

We have neither the power nor the disposition, however, to enlarge our jurisdiction as a court of equity by extending it to cases that hitherto it has been held not to embrace. On the contrary, we are convinced that its exercise ought to be strictly confined within the limits that hitherto have been invariably observed. Where a suit like the present is entertained, the necessary effect is to transfer a controversy, legal in its nature, from a court of law into a court of equity, and thus to deprive the party, who is made the defendant of his legal rights, of selecting his own tribunal and his own time for the prosecution of his claims, of having all questions of fact determined by a jury, and of controlling and managing his suit in the exercise of his own discretion; and it seems to us manifest that it is only in cases where reasons of a controlling equity are shown to exist, that the exercise by a defendant of these legal rights· can be justly restrained.

We cannot believe that a court of equity is bound to interfere whenever a party, liable to be sued upon a written instrument in a court of law, chooses to allege that the instrument is void. Such, however, is the naked case before us.

In the early and leading case of *Hamilton* agt. *Cummings*, (1 *John. Ch. Rep.* 517, 523,) Chancellor KENT, after an elaborate review of the English decisions, arrived at the conclusion, that the power of a court of equity to order a written instrument to be delivered up and cancelled, is discretionary in its nature, and depends for its exercise upon the special circumstances in each case, showing that a resort to the court is necessary or eminently proper.

We believe that this is a just view of the law as it still exists; and it necessarily follows, that when an appeal is made to this discretionary power of the court, the special circumstances, that can alone justify its exercise, must be set forth in the complaint, since these are emphatically the facts that constitute the cause of action. No such facts, however, are al-

leged in the present complaint, and we must consequently hold that the demurrer is well taken.

The order at special term, overruling the demurrer, is, therefore, reversed; and there must be judgment for the defendants who have demurred, unless the plaintiff shall, within twenty days, serve an amended complaint, pay the costs of the demurrer, and ten dollars as the costs of this appeal.

Order accordingly.