Ellsworth, J.
This is an application to the court for relief against an injury threatened to or impending over the petitioner’s title, from the record of a certain deed and from certain judicial proceedings; or, in other words, it is a bill quia timet.
That there is such a branch of equity jurisdiction, which may afford a preventive remedy in certain cases, will not be denied ; but the power is not exercised as a matter of course, nor under any universal rule or principle of law requiring its exercise. It is preventive, as we have said, and very much must depend upon the extent and imminence of the danger threatened, and the view which will be taken of the case by a discreet judge. The general rules and principles relating to the subject are well established, and familiar to every jurist, and they are eminently beneficent in their operation. These principles are sufficient in themselves, we think, to decide the case before the court; but in the application of these principles, much must be left, as a general rule, to the circumstances and necessities of each particular case.
We are satisfied that no case is made out here by the petitioner, rendering it incumbent upon, or ever proper for, a court of equity to interpose and grant the relief asked for. The court can not indeed grant that relief without establishing a precedent, the bearing and extent of which we can not foresee.
*479 On his .own showing the petitioner has, we think, adequate and complete remedy at law. He has the legal title. The respondents are in possession, without the shadow of a right, and of course liable to be ejected as soon as the petitioner shall bring his suit. There is no apparent cloud on the title he discloses in himself which needs to be removed. His * title is some six years earlier in date than the title [ *587 ] he complains of, so that, so far as we can see, his way is clear at law, and his remedy certain and adequate. The only objection which might seemingly be urged against the petitioner’s title, lies in the fact that the deed to Noble W. Munson, though later in execution by some years than the deed to the petitioner, ■was recorded first; but the existence of the petitioner’s deed was well known to Noble W. Munson when he took his deed, and the petitioner’s delay, too, though extending over some years, was the result of an agreement with his grantor that the deed was not to be put on record; an omission not entitled to any peculiar favor from the court, nor is it made the. ground of the relief prayed for. It is not pretended that the said Noble has, by greater diligence on his part, outstripped the petitioner in getting his deed recorded first; not a word of the kind is mentioned in the bill; nothing is heard about the recording of the conflicting deeds until the committee make their report to the court, and the fact as there presented is certainly of no kind of importance.
The cases in the books, on this particular remedial interposition by a bill of quia timet, are quite numerous in England and the United States, and in many of their features are like this case, and are without contradiction or question. One principal question has been, whether equity will ever interfere by such a bill, if the writing, deed, or instrument prayed to be cancelled, appears on its face to be of no legal validity; as in that case, it is certain, no action can be brought and maintained on it at law’. It will of course relieve, such relief being otherwise proper, if the ground of objection or the invalidity of the instrument does not thus appear, and is to be proved by matter aliunde, for such evidence may be lost by time and accident.
In Minshaw v. Jordan, 3 Brown Ch., 17, the Master of the Rolls seemed to favor this distinction. In Ryan v. Mackmath, (id. 15,) Lord Thurlow inclined, to a different opinion, that is, to the opinion that such a distinction did not prevail in all cases. In Jackman v. Mitchell, 13 Ves., 584, Sir Samuel *Romilly said, citing the last case, that the decision [ *588 ] was not approved at the time, as the note was void, not upon the face of it, but from collateral circumstances. In *480 Newman v. Milner, 2 Ves. Jr., 483, Ld. Lougborough ordered a bill of exchange, avowedly given by one partner in the name of the firm for his private debt, to be delivered up with costs, without waiting for a trial at law'; but in Franco v. Bolton, 3 Ves., 368, and Gray v. Mathias, 5 Vez., 286, doubts were throw'n on this last case. In Bromley v. Holland, 7 Ves., 3, Lord Eldon asserted the general jurisdiction, and did not concur in the decision of Franco v. Bolton. The general jurisdiction, is asserted and decided in Jackman v. Mitchell, 13 Ves., 581, and in many other English cases. In Hamilton v. Cummings, 1 Johns. Cha., 521, all the cases are brought together, and examined by the chancellor with his usual learning and ability. He seems inclined to a liberal exercise of the power, leaving it to the sound discretion of the court to act or to refuse to act. This is his language : But while I assert the authority of the court to sustain such bills, I am not to be understood as encouraging applications where the fitness of the exercise of the power of the court is not pretty strongly displayed. The exercise of this power is to be regulated by a sound discretion, as the circumstances of the case may dictate, and the resort to equity, to be sustained, must be expedient, either because the instrument is liable to abuse from its negotiable character, or because the defense not arising on its face may be difficult or uncertain at law, or from some other special circumstances peculiar to the case and rendering a resort here highly proper, and.clear of all suspicion of any design to promote expense and litigation.”
Judge Story, after reviewing the cases on this subject in his work on equity jurisprudence, closed his comments upon them with the following remarks: “ But where the illegality of the agreement, deed or other instrument appears on the face of it, so that its nullity can admit of no doubt, the same reason for the interference of courts of equity, to direct it to be cancelled.or delivered up, would not seem to apply; for in such a case- there can be no danger that the lapse of time may deprive the party of his full means of defense; nor can it in [ *589 ] *a just sense be said, that such a paper can throw a cloud over his right or title, or diminish its security ; nor is it capable of being used as a means of vexatious litigation or serious injury. And, accordingly, it is now fully established that in such cases courts of equity will not interpose their authority to order a cancellation or delivery up of such instruments. Upon an analogous principle courts of equity have refused to entertain a bill for the delivery up of a bill of exchange, on which the holder had obtained a judgment at law against the plaintiff, which was satisfied though retained in *481 possession, as there was scarce a pretense of damage from future litigation.” 2 Sto. Eq. Jur., § 700 a. The case of Field v. Holbrook, 6 Duer, 597, is a very strong one to the same effect.
These remarks of Judge Story and -others, seem to us to be quite applicable to and decisive of the present case, whether we consider it as involving a strict question of .jurisdiction or an appeal to the discretion of the court.
We advise that the bill be dismissed. .
In this opinion the other judges concurred.
Bill to be dismissed.