By the Court.—Monell, Ch. J.
Upon the facts stated in the complaint, the plaintiff incurred no legal obligation by her indorsement. Being a married woman, and not binding or intending to charge her separate estate, and deriving no benefit, either directly or indirectly, from her indorsement, the plaintiff can not be held responsible upon her contract (Phillips v. Wicks, 36 Sup’r Ct. R. 254).
It is proper, therefore, to assume, that she has a valid defense to any action which may or might be brought against her to recover upon the notes. But is that, in conjunction with the other facts stated in the complaint, sufficient to sustain the present action ?
It is a principle of equity, that where no remedy to enforce a right exists elsewhere, chancery, to prevent a total failure of justice, will furnish the remedy. So if the remedy at law is doubtful and very difficult, it is equally a principle of equity, that if the remedy at law is adequate and attainable, chancery will not entertain jurisdiction.
*187 The case before us falls within the latter principle. There is no doubt that the plaintiff can, at law, avail herself of her defenses to the notes; and unless the circumstances under which her indorsement was given, and her marital relation, give her some superior equity, she must wait until she is summoned before a court of law, before she can relieve herself of her obligation.
The judgment demanded is the cancelation of the plaintiff’s signature, and her discharge from liability which is equivalent to a cancellation of the instrument itself, but which is never done, except where the grounds upon which it is sought is such, that a court of equity alone can take cognizance of it; and the general principle applicable to all these cases may be included under one common head of equity jurisdiction, the prevention of an injury that might otherwise prove irreparable.
These common heads are carefully collected in McHenry v. Hazzard (45 N. Y. 580), but the facts stated in the complaint before us do not bring this case within any of the heads there collected; nor can I bring it under any known head of equity jurisdiction.
The attempt of the plaintiff is to avoid her contract, on the ground that she had no legal capacity to make it. She does not allege any fraud, deceit, misrepresentation, duress, or oppression, under which she made it. She voluntarily gave her signature, and probably knew that it was intended as a security for her husband’s debt, or to enable him to negotiate the paper.
There is nothing, therefore, that a court of equity can seize upon, to give it jurisdiction.
In Geer v. Kissam (3 Edw. Ch. 129), the court refused to order the cancellation of a promissory note, where it appeared there was a defense at law. The vice-chancellor says, “ the note being past due can be negotiated no further to the complainant’s prejudice. *188 It will always be subject to the same equity and defense in the hands of any subsequent holder that it is now subject to. It is only when there is danger that a negotiable instrument improperly obtained, or which ought not to. be negotiated, will get into the hands of a tona fide holder, without notice, and for a valuable consideration, to the prejudice of the rights of the maker, that this court ought to interfere to restrain the negotiation, and to cause it to be delivered up.”
In Allerton v. Belden (49 N. Y. 373), the plaintiff, an accommodation indorser, sought the cancellation of his signature, on the ground that the note was void for usury. The complaint alleged these and other reasons for equitable relief, but the court, on demurrer, held the reasons to be insufficient, and that the remedy at law was adequate.
The want of legal capacity to make the contract in question, by reason of the marital relation of the plaintiff, does not increase or enlarge her equity.
A married woman may, for some purposes, make a valid contract. She may do so in respect to her separate estate, and in her separate trade or business.
So she may become security for another; but the intent to charge her separate estate must appear, or the consideration must move directly to the benefit of her separate estate or business. Unless one or the other of these is shown, as was early held in Tale v. Dederer (18 N. Y. 265), she incurs no liability upon her contract.
A married woman being, therefore, competent to contract in all cases, where she intends to charge or bind her separate estate, she can only successfully defend against her contract, on the ground that the intention to bind her separate estate, or that she was benefited by the contract, is not shown, and such defense can be alleged in an action brought upon the contract to enforce its obligation.
*189 It may be desirable and convenient to end the litigation which must ensue upon an attempt to collect the notes. But it can not be done in the action now before us. A judgment was obtained upon one of the notes which the plaintiff has paid ; and she alleges a suit now pending to recover upon another. The remaining notes must soon be prosecuted, or they will be barred by the statute of limitations. And as they are all due, separate actions would be consolidated. There can not be such a multiplicity of suits as would authorize a court of equity to take charge of the litigation, even if that was a ground for interference, and the plaintiff must abide the time when she can assert her defense at law.
The order sustaining the demurrer must be affirmed, with costs.
Freedman, J., concurred.