J. W. Bowman v. Charles Germy and Sarah Germy.

PRACTICE; *Joinder of Plaintiffs.* A. purchased certain realty of B. for $2,000. A. claimed that she was induced to make the purchase by false and fraudulent representations of B. as to the character and quality of the land and as to the improvements thereon; $1,500 was paid in money and a note was executed by C. to B. for $500 as the balance of the purchase-money; the note was secured by a mortgage executed to B. by A. and C. on the real estate; the land was worth only $400; B. was insolvent. *Held,* That on the discovery of the fraud, and prior to any transfer of the note and mortgage, A. and C. could join as plaintiffs in an action to obtain a decree for the cancellation of the note and mortgage.

*Error from Lyon District Court.*

ON the 19th day of April, 1879, *Charles Germy* and *Sarah Germy* filed their petition in the district court of Lyon county against *J. W. Bowman* and the First National bank of Emporia in the following words:

"Plaintiffs for their cause of action show to the court that on or about February 13, 1878, said defendant, J. W. Bowman, and one Maggie W. Bowman, his wife, then owning a tract of land in Lyon county, Kansas, described as follows, the west half of the northwest quarter of section thirty-four, township nineteen, range thirteen, desired to sell the same to this plaintiff, Sarah Germy, and for the purpose of inducing her to purchase the same, falsely and fraudulently through their agents, A. B. Kriup and O. P. Bowman, represented to these plaintiffs that said land was all, or nearly all, good, tillable, second-bottom farming land; that it was fenced on two sides with an Osage orange hedge fence and on one side with a board fence; that there was a good well of water thereon; that it was worth the sum of two thousand dollars; that said representations were all false, which the said Bowmans well knew at the time they were made; that said land was not second-bottom land, but high upland, with many rocky and gravelly hills or knolls thereon, and was largely untillable and worthless for farming purposes; that there was neither hedge nor board fence thereon, nor any well of water, as represented by the said Bowmans and their agents; that said land was not worth to exceed the sum of four hundred dollars; that these plaintiffs knew nothing about the character of lands in Kansas, nor the kind, character, or quality of the aforesaid tract of land, which the said Bowmans and their said agents well knew; that this plaintiff, Sarah Germy, believing the representations of said Bowmans relative to the character, quality, and value of said real estate, and relying thereon, was induced thereby to purchase the same from them, and moved with her family thereon, and now resides thereon, and has made valuable and lasting improvements thereon, agreeing to pay therefor the sum of two thousand dollars, the sum that they represented the same to be worth, and paid thereon on February 13, 1878, to said Bowmans, the sum of fifteen hundred dollars, and on that day received their warranty deed therefor; that for the purpose of securing the payment of the balance of said purchase-money, to wit, five hundred dollars,

this plaintiff, Charles Germy, executed his promissory note for the sum, payable to said defendant, J. W. Bowman, or order, four years from February 13, 1878, with interest thereon at ten per cent. per annum, the same being secured by mortgage executed by both these plaintiffs upon said real estate; that said note has not been assigned or transferred by said J. W. Bowman, but is yet his property, but that these plaintiffs have reason to fear, and do fear, that he will do so before the maturity thereof; that said Bowmans are insolvent and are non-residents of this state; that said note is now in the hands and possession of said defendant, the First National bank of Emporia, a corporation duly organized under the laws of the United States, and doing business in the city of Emporia, Lyon county, Kansas, and which holds the same as agent for said J. W. Bowman.

"These plaintiffs therefore pray that said First National Bank of Emporia be temporarily enjoined from selling, transferring or surrendering the possession of said note to said J. W. Bowman, or to any person for him, or from parting with possession thereof in any way until the final determination of this action; that said J. W. Bowman be temporarily enjoined from selling, assigning or transferring said note, or in any way interfering with the said First National Bank of Emporia in its possession thereof; and that upon the final hearing of this action the said defendants be ordered and decreed to deliver up the said note for cancellation and destruction, and these plaintiffs' said mortgage given on said land to secure said note may be ordered canceled and released of record; and that it may be decreed that these plaintiffs owe nothing to said J. W. Bowman on said note to any one holding under him subsequent to the bringing of this action, and for their costs."

The defendant *Bowman* demurred to the petition, on the grounds that there was a defect of parties plaintiff, and that sufficient facts were not stated to constitute a cause of action. The demurrer was overruled, and *Bowman* brings the case here.

*Gillett & Forde,* for plaintiff in error.

*Cunningham & McCarty,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: We perceive no error in the ruling of the court. Charles Germy is interested in having the note can-

Opinion of the Court.

celed, and Sarah is likewise interested in having the mortgage canceled. The mortgage is a security for the note, and is signed by both. The transfer and assignment of the note would carry with it all the rights of the mortgage. When the note is satisfied, the mortgage is gone. The interests of Charles and Sarah are so united and blended together, that they were properly joined as plaintiffs. (Sections 35, 37 and 89 of the code.) While at common law the misjoinder of any other party as plaintiff with the party or parties whose legal right only had been affected, would have been good cause for demurrer, it is not one of the enumerated causes for demurrer under the code, but perhaps a misjoinder of plaintiffs would, under the code, be within the six enumerated causes for demurrer. But here there was no defect or misjoinder of parties. (*Swenson v. Moline Plow Co.*, 14 Kas. 387.) As the value of the premises purchased was of much less value than the actual money paid, the plaintiffs clearly had the right, under the allegations of the petition, to enjoin the transfer of the note and to a decree for the cancellation of the note and mortgage. If the note and mortgage were without consideration and obtained by fraud, plaintiff in error (defendant in the court below) has no right to their possession, or any valid title or claim to them. A party defrauded as herein alleged, may stand to the bargain and recover damages for the fraud, but if the plaintiff in error is insolvent, an action merely for damages would be a useless remedy — indeed, no remedy at all. The cancellation of the note and mortgage affords about all the practical relief obtainable in the conditions of the parties. If, however, Sarah Germy has asked less relief than she is entitled to, she is not debarred thereby of all relief.

The judgment of the district court will be affirmed.

All the Justices concurring.