W. D. TRIMBLE AND FRANKIE TRIMBLE v. MINNESOTA THRESHER MANUFACTURING COMPANY, *a Corporation.*

(Filed Feb. 8, 1901.)

EQUITY JURISDICTION—*Cancellation of Notes, Denied When.* Where one has a plain, complete and adequate at law for a breach of warranty of a chattel, or for deceit practiced in the sale of the same, either in an action for damages or as a defense to notes given in part payment of such chattel, and there is no allegation in the petition that the vendor, which is the payee of the notes, is insolvent and unable to respond in damages, or that it is about to transfer the notes before maturity to an innocent purchaser, equity will not decree that the notes be surrendered up and cancelled, but will relegate the party to his action or defense at law, so that the issues may be tried by a jury.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Jno. L. McAtee, District Judge.*

*J. W. Steen* and *W. S. Denton,* for appellants.

*Moore & Moore,* for appellees.

Opinion of the court by

BURWELL, J.: The petition in this case alleges in substance that the plaintiff purchased a threshing machine outfit from the defendant on or about the 25th day of June, 1898, that all of the machinery so sold was to be new; that the separator and engine were what is known as "re-built machinery," that is, built out of a second-hand separator and engine; that plaintiffs could not detect these defects at the time they received them; that on August 1, 1898, two of the notes given for the purchase-

price of the outfit, amounting in the aggregate to $1,000. became due and were paid by the plaintiffs, which amount was the full value of the entire property sold by the defendant to plaintiffs; that the defendant still holds two notes against the plaintiffs, as follows:   One note for $600.00, executed June 25, 1898, due September 1, 1899; and one note for $475.00, executed June 25, 1898, due September 1, 1900; and that, by reason of the defects in the machinery, these notes are without any consideration; and   plaintiffs   pray that the defendant be required to surrender these notes and that they be cancelled.

In our judgment the petition fails to state a cause of action either at law or in equity.   It fails to state a cause of action at law because it nowhere alleges that the plaintiff suffered any damages, nor does the prayer ask for damages for fraud.   It fails to state a cause of action in equity because the defendant has a plain and adequate remedy at law.   The only authority cited by plaintiff is the case of *J. W. Bowman v. Charles and Sarah Germy,* 23 Kan. 306, but an examination of that case will show that the cases are quite different.   In that case the note and mortgage were given as part payment of the purchase price of land, and the petition contained express allegations that the payee and mortgagee were insolvent and could not respond in damages, and that he was about to transfer the note and mortgage before maturity, and thereby deprive the plaintiff of his defense against the same.   It is not alleged in the petition in this case that the defendant will transfer the notes before maturity, or that it is insolvent; therefore, there is nothing in the petition which shows that the plaintiffs cannot secure all of the relief to which they are entitled in an action at law if they should be sued

upon the notes; or, if they do not wish to wait until they are sued, they can maintain their action against the defendant for breach of warranty, without regard to whether or not it has transferred the notes; and, if the defendant is solvent, and is able to respond in damages, their action at law is complete and adequate.

In Pomeroy's work on Equity Jurisprudence, vol. 2, page 1292, sec. 914, it is said:

"In a few of the earlier decisions the English rule was adopted to its full extent. This cannot, however, be regarded as the present American doctrine. As was shown in the former volume, in several of the states only a partial and very narrow equitable jurisdiction was for a long time conferred, and this was strictly limited by the courts to the very matters specified by the statutes. In other states, the equitable jurisdiction was defined by statute as embracing only those cases for which there was no adequate remedy at law. Influenced partly by the tendency of this legislation, and partly by the supposed constitutional guaranties of the jury trial, which were construed to forbid the interposition of equity in controversies which could be determined by law, the equity courts of the United States and of the several states have practically abandoned a large part of the jurisdiction in matters of fraud which is confessedly held by the English Court of Chancery. The doctrine is settled that the exclusive jurisdiction to grant purely equitable remedies, such as cancellation, will not be exercised, and the concurrent jurisdiction to grant pecuniary recoveries does not exist, in any case where the legal remedy, either affirmative or defensive, which the defrauded party might obtain, would be adequate, certain and complete. The language on this subject often used by judges, represents nearly the entire jurisdiction of equity in matters of fraud, whatever be the remedies granted, as concurrent with that at the law, and as not existing where adequate legal relief can be given"

Equity will not grant relief on the case presented, and the demurrer to the petition was properly sustained. (*Buzard v. Houston*, 119 U. S. 347, and cases therein cited.)

As the plaintiffs refused to plead over after the demurrer was sustained, but elected to stand upon their petition, the case will not be remanded, but the judgment of the district court will be affirmed at the cost of appellant. It is so ordered.

McAtee, J., who presided in the court below, not sitting; all of the other Justices concurring.