[No. 5450. Decided February 16, 1905.]

WILLIAM RITTERHOFF *et al., Respondents,* v. THE PUGET SOUND NATIONAL BANK OF SEATTLE, *Appellant.*[1]

EQUITY—BILLS AND NOTES—JURISDICTION TO CANCEL FORGED NOTES. Equity has jurisdiction of an action brought to cancel a joint note, alleged by the plaintiffs to be a forgery, although the same may be past due, especially where one of the plaintiffs is an invalid, since there is danger of losing the evidence upon which the action is based before any adequate remedy at law can be obtained; and Bal. Code, §§ 6034-6038, providing for the perpetuation of testimony does not furnish effective means for preserving the evidence, or any adequate relief against the annoyance of such an outstanding claim.

SAME—PARTIES. In an action to cancel a joint note brought by two of the parties whose names purport to be signed thereto, on the allegation that their signatures were forged, the representatives of a third signer, since deceased, are proper but not necessary parties plaintiff.

Appeal from a judgment of the superior court for King county, Bell, J., entered September 20, 1904, upon over-

[1]Reported in 79 Pac. 601.

ruling a demurrer to the complaint, granting a permanent injunction as prayed for in the complaint.    Affirmed.

*Carr & Preston,* for appellant.    The plaintiffs have an adequate remedy at law.    *Shenehon v. Illinois Life Ins. Co.,* 100 Ill. App. 281; *Grand Chute v. Winegar,* 15 Wall. 373; *Trimble v. Minnesota Thresher Mfg. Co.,* 10 Okl. 578, 64 Pac. 8; *Geer v. Kissam,* 3 Edw. Ch. 129; *Drexel v. Berney,* 122 U. S. 241, 7 Sup. Ct. 1200; *Hairalson v. Carson,* 111 Ga. 57, 36 S. E. 319; *Field v. Holbrook,* 14 How. Pr. 103; *Globe Mut. Life Ins. Co. v. Reals,* 79 N. Y. 202; *San Diego Flume Co. v. Souther,* 90 Fed. 164; *Town of Venice v. Woodruff,* 62 N. Y. 462, 20 Am. Rep. 495; *Town of Springport v. Teutonia Sav. Bank,* 75 N. Y. 397; *Black v. Miller,* 173 Ill. 489, 50 N. E. 1009; *Shorman v. Hurd,* 107 Ill. App. 471; *Erickson v. First. Nat. Bank,* 44 Neb. 622, 62 N. W. 1078, 48 Am. St. 753; *County of Ada v. Bullen Bridge Co.,* 5 Idaho 188, 47 Pac. 818, 95 Am. St. 180; *Farmington Village Corp. v. Sandy River Nat. Bank,* 85 Me. 46, 26 Atl. 965; *Vannatta v. Lindley,* 98 Ill. App. 327.    Danger of loss of testimony is not ground for the interference of equity, where there is a statutory procedure for perpetuating testimony.    *Town of Springport v. Teutonia Sav. Bank, Town of Venice v. Woodruff* and *Globe Mut. Life Ins. Co. v. Reals, supra; Fowler v. Palmer,* 62 N. Y. 533; *Allerton v. Belden,* 49 N. Y. 373; *Brown v. Boyd,* 158 Mass. 470, 33 N. E. 568; *Loggie v. Shandler,* 95 Me. 220, 49 Atl. 1059; *Erickson v. First Nat. Bank* and *Shenehon v. Illinois Life Ins. Co., supra; Wilkes v. Wilkes,* 4 Edw. Ch. 630.

*Robert H. Lindsay,* for respondents.

CROW, J.—This is an action in equity to enjoin appellant from asserting any demand against respondents, or either of them, upon a certain pretended promissory note,

or in any manner transferring or indorsing the same. The complaint, which was verified on February 12, 1904, in substance alleges, that the plaintiff William Ritterhoff is an unmarried man, a resident of Seattle, King county, Washington; that he has been, at all the times mentioned in the complaint, and still is, an invalid, suffering from paralysis; that he owns real and personal property within King county, Washington, of the reasonable value of $75,-000; that plaintiff Lena Krug is a widow, and has real and personal property within King county, Washington, of the value of $7,000; that, ever since the 15th day of January, 1903, the said defendant has been, and still is, asserting that it of right has and holds a certain claim and demand against said plaintiffs for the sum of $5,000, by virtue of a pretended promissory note, purporting to be executed by one Adolph Krug, now deceased, and also by the said plaintiffs, William Ritterhoff and Lena Krug, as joint and several makers, and that said note is now in the possession of the defendant; that said defendant, by written notice, has, prior to the commencement of this action, demanded payment of said note from plaintiffs, and from each of them; that the names of plaintiffs, as appearing on said pretended note as their signatures, are each of them false, fraudulent, and forgeries, and that plaintiffs did not, nor did either of them, ever execute, or authorize the execution of, said note; that, prior to the commencement of this action, plaintiffs, and each of them, notified defendant that, as to them and each of them, said pretended note was false, fraudulent, and a forgery, and that, notwithstanding said notification, said defendant still claims to hold said note as a valid demand against said plaintiffs, and each of them; that said plaintiffs never, at any time, received any consideration for said pretended note. Plaintiffs also allege danger of irreparable damage,

that they have no speedy or adequate remedy at law, and pray equitable relief as above stated.

To this complaint appellant interposed a general and special demurrer, which being overruled, appellant elected to stand upon its demurrer, and declined to plead further. Thereupon a decree was rendered in accordance with the prayer of the complaint, adjudging said note, as against respondents, to be false, fraudulent, a forgery, and null and void, and forever enjoining and restraining appellant from asserting any demand against respondents, or either of them, upon said pretended note, and from transferring or dealing with said pretended note, as against respondents, or either of them. From said final judgment and decree this appeal is taken.

The only ground of demurrer seriously urged upon this appeal is that the complaint does not state a cause of action. Appellant contends a court of equity has no jurisdiction, for the reason that respondents have an adequate remedy at law—urging that, from the facts alleged in the complaint, it clearly appears that, as soon as appellant shall bring its action upon said note, it will only be necessary for respondents to deny the execution of the note, and thereupon appellant will be put upon proof of the genuineness of the disputed signatures.

For the purposes of the demurrer, it is admitted that the pretended signatures are forgeries. It does not clearly appear from the complaint that the note has matured, although possibly its maturity may be inferred by reason of demand for payment having been made. Appellant urges, that a forged note is void, always and everywhere; that it cannot bind the alleged maker, in the hands of a *bona fide* purchaser, either at common law or under our statute (Laws 1899, p. 345, § 23); that the note is past due, and, even if genuine, has passed the day of innocent

purchase; that, therefore, drawing proper deductions from the allegations of the complaint, the note in suit can never be collected from respondents, and that, in the event appellant should attempt to collect it from them by action at law, they would have nothing to do but deny its execution.

In defining the jurisdiction of courts of equity, it is a well established principle that equity will not relieve when there is a full, adequate, and complete remedy at law. To deprive such courts of jurisdiction, it is not sufficient that there may be some remedy at law which may be enforced, at some indefinite time in the future, but such remedy must be plain, adequate, and complete.

"In general, courts of equity will not assume jurisdiction, where the powers of the ordinary courts are sufficient for the purposes of justice. And, therefore, it may be stated as a general rule, subject to few exceptions, that where the plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain, and adequate, a demurrer, which is in truth a demurrer to the jurisdiction of the court, will hold. But where there is a clear right, and yet there is no remedy in a court of law, or the remedy is not plain, adequate, and complete, and adapted to the particular exigency, then and in such cases courts of equity will maintain jurisdiction." Story, Equity Pleading (10th ed.), § 473.

"The remedy at law which precludes relief in equity must be as practical and efficient to the ends of justice and its *prompt* administration as the remedy in equity." Fletcher, Equity Plead. & Prac., § 208.

See, also, *Boyce's Executors v. Grundy,* 3 Pet. 210, 7 L. Ed. 655.

The supreme court of Indiana, in the case of *Otis v. Gregory,* 111 Ind., at page 511 (13 N. E., at page 42), says:

"Whatever may have been formerly held in other juris-dictions in respect to the cancellation of void contracts, the doctrine that a party to an instrument, which is of no legal force or validity whatever, may ask the aid of a court of equity in procuring its surrender and cancellation, is now fully set at rest here. It is regarded as against conscience, that one party should persist in holding a deed or other instrument against another of which he can make no possible use except as a means of embarrassing his adversary. . . . 1 Story, Equity Jurisp., § 700; 3 Pomeroy, Equity Jurisp., § 1377."

What is the practical effect of the remedy at law which appellant contends respondents have in this action? Simply to permit present conditions to remain entirely undisturbed, to allow appellant to continue holding said note against respondents as a possible cause of action at law, to sue or not sue thereon as it (appellant) may elect, to keep or dispose of said note at appellant's pleasure while respondents await an indefinite opportunity at some future time to interpose the defense of forgery in an action at law commenced by appellant, or its possible assignee.

From the allegations of the complaint, it appears that respondent Ritterhoff is in poor health. Death is liable to come to any person, at any time, and more immediate liability exists in the case of an invalid. Respondents' estates may become involved by reason of this note. Adolph Krug, one of the alleged joint and several makers, is now dead, and his evidence can never be obtained. Other evidence, now available and in existence, may be forever lost. Respondents' credit may be continuously affected, or injured, by reason of the existence of this claim; for appellant, at its election, may continue to hold the note and assert a claim thereon for an indefinite period, and then commence an action at law for its enforcement immediately prior to such time as the note would be barred

by the statute of limitations.    Under such circumstances,
would respondents have, at all times, a plain, adequate,
and complete remedy at law, accompanied by a prompt ad-
ministration of justice? If they would, the court had no
equitable jurisdiction, and the demurrer should have been
sustained.    If not, there was no error in overruling the
demurrer.

Appellant cites numerous cases, placing special reli-
ance upon the following: *Shenehon v. Illinois Life Ins. Co.,*
100 Ill. App. 281; *Grand Chute v. Winegar,* 15 Wall.
373, 21 L. Ed. 174; *Trimble v. Minnesota Thresher
Mfg. Co.,* 10 Okl. 578, 64 Pac. 8; *Geer v. Kissam,* 3
Edw. Ch. 129.    In *Shenehon v. Illinois Life Ins. Co.,
supra,* an equitable action was brought for the pur-
pose of compelling the cancellation and surrender of two
life insurance policies.    It appeared, however, that the
assured had died prior to the commencement of the ac-
tion; that the policies claimed to have been fraudulently
obtained were in the possession of the beneficiary; and
that, under the terms of said policies, suit would have to
be instituted within one year from the date of death of
the assured, or action thereon would be barred.    At the
time of the commencement of the action, substantially one-
half of this period had expired.    It being therefore evi-
dent that an action at law upon the policies would have
to be commenced within six months, or be barred, the court
held it had no equitable jurisdiction to compel the sur-
render and cancellation of the policies, and thereby de-
prive the beneficiary of the right to a trial by jury.

In *Grand Chute v. Winegar, supra,* an action in equity
was commenced by the town of Grand Chute, in Wiscon-
sin, to compel the cancellation of certain bonds.    It ap-
peared, however, that, at the time of the filing of the bill
in equity, an action at law had already been commenced on

the bonds, by the holders thereof; and it was properly held that a court of equity had no jurisdiction.

In *Trimble v. Minnesota Tresher Mfg. Co., supra,* an action in equity was commenced for the purpose of securing the surrender and cancellation of certain notes, given by the plaintiff to the defendant, a manufacturing company, for the purchase price of certain machinery. The plaintiff claimed said notes to have been fraudulently obtained, but did not deny their execution, nor allege defendant to be insolvent. Under these circumstances the court held it had no equity jurisdiction. We think that case does not, in the facts involved, at all resemble the one at bar.

In *Geer v. Kissam, supra,* it was held, that although equity may have a right to decree the surrender of a promissory note, yet, where an action has been brought upon said note, and a bill is filed to aid discovery, and such discovery is given, and the case appears to be such that the party complainant has a defense at law, and evidence to support it, an injunction which restrained such action at law will be dissolved. Counsel for appellant also cites the case of *Field v. Holbrook,* 14 How. Pr. 103, in which Duer, J., makes the following analysis of the circumstances under which a court of equity will act, in ordering instruments in writing to be delivered up and cancelled:

"(1) When the plaintiff alleges that the instrument which he prays may be surrendered or cancelled is void upon grounds of which a court of equity alone can take cognizance, in fewer words when he sets up a purely equitable defense. (2) When the instrument is a deed or other document concerning real estate, which, although inoperative if suffered to remain uncancelled, would throw a cloud upon the plaintiff's title to the lands which it embraces, or to which it refers. (3) When the instrument is negotiable in its character, as a bill of exchange, and the putting it into circulation by the holder would be a

fraudulent act.   (4)   Where the plaintiff claims to have a defense valid in law, but which rests upon evidence which he is in danger of losing, if the adverse party is suffered to delay the prosecution of his claims."

In our opinion, the fourth subdivision above stated is amply sufficient to confer equity jurisdiction in this case. It is easy to understand how respondents may be in danger of losing evidence, should the adverse party be suffered to delay prosecution of its claims.

Appellant contends that no case is made by the complaint, showing a probable loss of evidence, and that, even if the facts were otherwise, ample protection is afforded respondents to anticipate any such possibility by perpetuating testimony, in the manner provided by Bal. Code, §§ 6034 to 6038.   While it is true that the sections referred to provide a method by which testimony of any witness may be taken and perpetuated for future use, nevertheless, we think they do not afford respondents all relief to which they are entitled.   There is no provision in said statute giving authority to require the production of the note in question, and, even if such production could be obtained, it is apparent, from the nature of the anticipated defense against said note, that testimony of the respondents, taken under said statute, would not be as effective in establishing forgery as would the oral evidence and the personal presence of the parties whose purported signatures appear on the note.   In any event, though satisfactory testimony could be perpetuated, we think respondents should not be compelled to submit to the delay and annoyance of having a fraudulent note outstanding and constantly urged against them as a valid claim, with no certainty as to when an action may be commenced thereon.

Under the peculiar facts of this case, as shown by the allegations of the complaint, respondents did not have

any remedy at law, as practical and efficient, to the ends
of justice and its prompt administration, as their remedy
in equity.   The lower court had equitable jurisdiction, and
properly overruled the general demurrer.   *Sharon v. Hill,*
20 Fed. 1; *Sharon v. Terry,* 36 Fed. 337, 1 L. R. A. 572;
*New York etc. R. Co. v. Schuyler,* 17 N. Y. 592; *Huston
v. Roosa,* 43 Ind. 517; *Fuller v. Percival,* 126 Mass. 383.

Appellant, in its special demurrer, urges a defect of par-
ties defendant, and assigns error thereon, insisting that the
personal representatives of Adolph Krug, deceased, are
necessary parties to the adjudication sought in this action.
It is contended by respondents that this question was not
raised in the lower court.   While this perhaps may be true,
such fact does not properly appear in the record.   We are
of the opinion, however, that while the representatives of
Adolph Krug, provided he left an estate and any such rep-
resentatives have been appointed and qualified, might be
proper parties to the action, they are not necessary parties.

We find no error in the record, and the judgment of the
superior court is therefore affirmed.

Mount, C. J., Dunbar, and Rudkin, JJ., concur.

Root, J., not voting.

Hadley and Fullerton, JJ., took no part.