## NATIONAL SURETY CO. v. MULLEN.

No. 4589.   Opinion Filed July 6, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 873.)

**CANCELLATION OF INSTRUMENTS—Signature to Indemnity Bond —Forgery—Petition—Evidence.** A petition asked for the cancellation of a purported signature to an indemnity bond on the ground that said purported signature is a forgery, and that the name appearing on said bond would necessarily injure the credit of the plaintiff, who was a large borrower of money. **Held,** that said petition states a cause of action and shows on its face that plaintiff did not have a legal remedy which would be adequate, certain and complete. **Held,** further, that the evidence fully sustains the allegations of the petition.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by J. S. Mullen against the National Surety Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*William F. Robertson* and *John J. Hildreth,* for plaintiff in error.

*H. A. Ledbetter,* for defendant in error.

Opinion by RITTENHOUSE, C.   This action is brought by J. S. Mullen against the National Surety Company for the cancellation of his purported signature to a

certain indemnity bond on the ground that said purported signature was a forgery, and that his name appearing on said bond would necessarily injure his credit. It is alleged that the M. J. Gill Construction Company in January, 1910, secured from the United States a contract to erect a building in Oklahoma City; that before said contract would be accepted upon the part of the United States the M. J. Gill Construction Company was required to execute a good and sufficient bond in the sum of $105,000 for the faithful performance of such contract; that said M. J. Gill Construction Company made application to the National Surety Company to make said bond, and agreed to procure a bond of indemnity in favor of the said National Surety Company against all damages that might be sustained by reason of said surety company signing the bond of the Gill Construction Company, as indemnitor of the National Surety Company; that the purported signature of J. S. Mullen to the indemnity bond is a forgery; that he did not sign the same, nor did he authorize any person to sign his name thereto; that the said J. S. Mullen was engaged in the general real estate business, and that in the operation and running of his business it became necessary to borrow large sums of money, and that his business was such that it could not be operated without the borrowing of large sums of money; that the fact that his name appeared on the indemnity bond had become generally known to his creditors, and that he had reason to believe that certain persons with whom he was negotiating for large sums of money would learn that his name appeared on said bond; that the National Surety Company was claiming and asserting that the name of J. S. Mullen to said bond was his genuine signature; that, while the appearance of said name on

said bond created no liability, yet, if the same was permitted to remain thereon, it would necessarily impair and injure the credit of said J. S. Mullen, and necessarily work an irreparable damage to his business, in this, that he would not be able to procure the necessary money with which to operate his business. A demurrer was filed and overruled, issues joined, the cause tried, which trial resulted in a judgment in favor of the plaintiff, and the cause brought here for review.

It is argued by the defendant that the petition in this case was not sufficient to entitle plaintiff to the relief sought; that no testimony should have been permitted thereunder; that the testimony offered by plaintiff did not warrant the court in awarding any relief; and that the plaintiff had a complete and adequate remedy at law.

The evidence fully sustains the allegations of the petition, and these objections, therefore, can all be disposed of under the one question: "Has plaintiff a complete and adequate remedy at law?" The jurisdiction to grant equitable relief, such as the cancellation of the signature in the instant case, could not be exercised in any case where the legal remedy would be adequate, certain and complete. The only time a court of equity will interfere and decree the cancellation is in a case where some special circumstance is shown to establish the necessity of resorting to equity to prevent irreparable injury. The plaintiff alleges in his petition that the signature in question is a forgery, and that the business in which he is engaged is of such a nature that it necessitates the borrowing of large sums of money, and that the fact that his name appears upon the indemnity bond necessarily injures his credit. The allegation that plaintiff's name was forged to the bond is not sufficient to give a court of

equity jurisdiction to cancel the signature, as plaintiff would have an adequate remedy at law by a defense to the indemnity bond on the grounds of forgery, but the petition does not stop with the allegation of forgery; it alleges that the plaintiff's name appearing on the bond of $105,000 necessarily injured his credit, and this allegation, coupled with that of forgery, is a special circumstance shown to exist which establishes the necessity of the interposition of equity. It is argued that the plaintiff could await any demands made by the surety company upon this bond and plead *non est factum,* and for that reason he had a complete and adequate remedy at law. We cannot agree with this contention. If the fact that his name appeared on this bond would tend to injure his credit, and his business was such that he would be irreparably injured by his credit being impaired, then his only adequate remedy was to seek equitable relief through a cancellation of the signature. The company might wait indefinitely before instituting the suit on the bond, and in the meantime the plaintiff's **credit would be** impaired.

It was said in *Fred Macey Co. v. Frank Macey,* 5 L. R. A. (N. S.) 1036 (143 Mich. 138, 106 N. W. 722):

"Equity has jurisdiction to cancel a fraudulent contract alleged to bind the assets of a corporation and which, until canceled, will tend to injure its business and impair its credit, although there is remedy at law by defense to an action to enforce it, or by an action to compel restoration of the funds secured by means of it."

The defendant argues that the instant case is controlled by that of *Trimble et al. v. Minnesota Thresher Mfg. Co.,* 10 Okla. 578, 64 Pac. 8, wherein this court held that it would not exercise its equity jurisdiction to cancel

JULY TERM, 1915.—VOL. L.     441

a note which was entered into on account of deceit practiced in the sale of chattel property. In that case no special circumstances were alleged giving the court equitable jurisdiction, the court saying that the petition did not allege that the payee was insolvent and unable to respond in damages, or that it was about to transfer the note before maturity to an innocent purchaser. Had the petition contained an allegation alleging some special circumstance showing that it was necessary to resort to equity to prevent an irreparable injury, the decision, no doubt, would have been different.

We therefore conclude that the petition alleging that the signature was a forgery, and that the same appearing on said indemnity bond necessarily injured the credit of plaintiff, these were such special circumstances as would establish the necessity of resorting to equity to prevent irreparable injury. The petition therefore stated a cause of action which was fully sustained by the evidence.

The cause should therefore be affirmed.

By the Court: It is so ordered.