THE PEOPLE OF THE STATE OF CALIFORNIA *v.* HENRY GERKE AND CERTAIN REAL PROPERTY IN TEHAMA COUNTY.

TAXATION IN TEHAMA COUNTY—STATUTORY CONSTRUCTION.—Prior to February, 1866, by divers general and special legislative Acts, the Board of Supervisors of Tehama County were authorized and required to levy upon the taxable property of the county, in addition to the State tax, divers rates of taxes "for County Expenditures," "for Interest Fund," "Wagon Road Fund," "Contingent Fund," "School Fund," and "for Road Fund." On the the 26th of February, 1866, the Legislature passed a special Act, which did not in terms repeal any former Act, but directed said Board "to levy, at the same time that other State and county taxes are levied, eighty cents upon each one hundred dollars worth of the taxable property of said county, which tax ✳ ✳ ✳ shall constitute the entire tax in said county for *county purposes."* *Held,* that, except said Act providing for the levy of a tax "for county purposes" which was by implication repealed, said former legislative Acts were unaffected by the passage of said special Act of February 26th, 1866.

APPEAL from the District Court, Second Judicial District, Tehama County.

This was an action to recover State and county taxes levied in Tehama County for the fiscal year 1867–8. The defend-

ants had judgment in the Court below, from which, and from an order denying a new trial, the People appealed.

The other facts are stated in the opinion of the Court.

*Jo Hamilton, Attorney General,* for the People.

*Sharp & Lloyd,* for Respondents.


By the Court, Sprague, J.:

The first and controlling point presented on this appeal involves the power of the Board of Supervisors of Tehama County in the matter of levying taxes upon the taxable property of the county for the fiscal year 1867–8.

On the 26th of February, 1866, the Legislature passed a special Act, as follows:

"Section 1. The Board of Supervisors of Tehama County are hereby authorized and directed to levy, at the same time that other State and county taxes are levied, eighty cents upon each one hundred dollars worth of the taxable property of said county, which tax shall be assessed and collected as provided by law, and shall constitute the entire tax in said county for county purposes.

"Sec. 2. This Act shall take effect immediately after its passage."

This Act was specially pleaded by defendants as restrictive of the power of the Board of Supervisors to levy any taxes on property within the county for county purposes exceeding in the aggregate eighty cents on the one hundred dollars, and the same was by defendants offered and read in evidence on the trial.

At the date of and prior to the passage of the above Act, a general law of the State was in force authorizing the Board of Supervisors of each county in the State, except the City and County of San Francisco, "to levy and collect annually

a tax for *county expenditures*, not exceeding sixty cents on each one hundred dollars [of the assessed value of all taxable property in the county,] and upon the same property the Board of Supervisors of each county is [was] also authorized and empowered to levy and collect annually such additional special taxes as the laws of this State may authorize them to levy and collect." (Section 1 of Revenue Act of 1861, as amended March 3d, 1863; Statutes of 1863, p. 30.)

There was then, also, in force a general law authorizing the Board of Supervisors of each county of the State to levy a tax of not exceeding thirty cents on each one hundred dollars of taxable property in their county, to be used, when collected, exclusively for the support of public schools, to provide schoolhouses, and to purchase libraries, apparatus, and furniture. (Section 63 of "An Act to provide for the maintenance and supervision of Common Schools," as amended March 22d, 1864." Stats. 1863–4, p. 213.)

Also, a general law authorizing the Board of Supervisors of each county in the State, except the Counties of Klamath, Sacramento, Sutter, Placer, San Joaquin, Humboldt, Sierra, Plumas, Nevada, Santa Barbara, Trinity, Mendocino, Butte, Sonoma, Marin, and San Francisco, to levy a tax for road purposes of not more than twenty cents on each one hundred dollars of taxable property of their respective counties, and the tax so levied and collected to be paid into a special road fund. (Sections 13 and 18 of "An Act to provide for the establishment, maintenance, and protection of public and private roads," Stats. 1861, pp. 394, 397.)

At the same time there was and had been in force several special statutes applicable to the County of Tehama, which, on the trial of the cause, were offered and read in evidence by plaintiffs, as follows: "An Act authorizing and empowering the Board of Supervisors of Tehama County to levy a special tax on each one hundred dollars of taxable property in the county, in addition to the tax authorized by law to be levied for general county purposes, to create a special con-

tingent fund of said county to pay the contingent expenses thereof." (Stats. 1861, p. 122.)

Also, "An Act to provide for the construction of a wagon road by the Board of Supervisors of Tehama County," (Stats. 1863, p. 1,) by which the Board of Supervisors of said county were authorized to issue bonds of the county to the extent of forty thousand dollars, payable in twenty years, bearing interest at the rate of ten per cent per annum, for the construction of a wagon road from the Sacramento River, in said county, to the eastern line of the State; and after issuing such bonds, were required "annually to levy on all the taxable property in the county a sufficient per centum tax to pay the interest of said bonds semi-annually, and also to levy such additional per centum tax on all the taxable property of said county as may be necessary to pay and redeem said bonds at maturity;" and the taxes so levied and collected were required to be set apart and constitute a separate fund, to be designated the "Wagon Road Interest and Redemption Fund."

Also, "An Act to provide for funding the indebtedness of the County of Tehama, approved April 1st, 1864," by section eleven of which the Board of Supervisors of said county were authorized and required to annually levy, in addition to the ordinary taxes for general county purposes, a tax of not less than twenty nor more than forty cents on each one hundred dollars of taxable property in said county, to create a fund devoted exclusively to the payment of the semi-annual interest of the funded debt, and the creation of a sinking fund for the ultimate redemption of the funded debt bonds. (Stats. 1863-4, p. 385.)

As appears by the record, the Board of Supervisors of Tehama County, at their February term, 1867, caused an order to be duly entered of record levying a property tax for the fiscal year 1867-8, by which was levied upon each one hundred dollars of taxable property in their county the following items of tax:

For State purposes. ....... ...... ....................$1 13
County General Fund............................. .   80
Interest Fund.... .....................................   40
Tehama County Wagon Road Fund.............   25
School Fund.......... .... ...........................   17
Contingent Fund........................................   7
Road Fund.............................................   3

In the aggregate amounting to two dollars and eighty-five cents on each one hundred dollars of taxable property in the county.

The answer of defendants raises no issue upon the validity of the first item in the above levy of one dollar and thirteen cents for State purposes, but alleges the entire levy to be null and void in consequence of the other items of the levy exceeding in the aggregate eighty cents on each one hundred dollars of taxable property, as being in excess of the power conferred upon the Board of Supervisors by the special Act of February 26th, 1866, hereinbefore recited.

The question now presented for consideration is: Did this special Act of February, 1866, repeal, by necessary implication, all or either of the Acts above referred to, so far as the same conferred power upon the Board of Supervisors of Tehama County to lay taxes upon the taxable property of their county for general or special county purposes? The Act does not, in direct terms, repeal any pre-existing statute; and if a repeal of the statutes above referred to, or either of them, in whole or in part, is effected by its enactment, it is by implication only, and by reason of the repugnancy or irreconcilable inconsistency of the evident meaning of its positive terms with these prior laws.

Repeals by implication are never favored; on the contrary, if prior and subsequent legislative enactments may well subsist together, Courts are bound to uphold the former, is a principle too well established to require comment.

On a careful examination of this brief statute of February 26th, 1866, it is not found so clear, positive, and direct in its terms as to preclude a resort to construction to ascer-

tain the intent of the Legislature in its enactment. The Act authorizes the Board of Supervisors to levy "at the same time that the *other State and county taxes are levied*, eighty cents on each one hundred dollars worth of taxable property," and then in the same section and paragraph, provides that this eighty cents so levied "shall constitute the entire tax in said county for *county purposes*; hence some ambiguity arises upon the face of the Act as to the sense in which the words *county purposes* were intended and used by the framers of the law.

If these words were intended in their most comprehensive sense to include all taxes for general and special county purposes, then the words *other county taxes*, as used in the previous part of the section, are void of force or meaning, and all previous laws delegating power to the Board of Supervisors of Tehama County to levy taxes upon the property of the county were thereby, by necessary implication, repealed; but if the former words were intended to be used in their more restricted and equally common sense, as including all taxes levied to defray the current expenses of the county government, then the latter words have pertinent force and meaning, and no former law delegating power to the Board to levy property taxes for special county purposes was thereby repealed in whole or in part, but only that portion of the general Revenue Law of 1861, as amended March 3d, 1863, (Stats. 1863, p. 30,) which authorizes the Board of Supervisors of each county in the State to levy and collect a property tax "*for county expenditures* not exceeding sixty cents on each one hundred dollars," is repealed by necessary implication, so far as the County of Tehama is concerned.

We are clearly of opinion, from an examination of the Act alone, that the words *county purposes*, as used therein, were employed in the more restricted sense above indicated, and that no former Act conferring power upon the Board of Supervisors to levy a property tax for special purposes, as in

Cal. Reps. XXXVII—30

the several Acts prescribed, was, in whole or in part, repealed thereby.

If any doubt can exist as to the above construction of this Act, upon a reading of the Act itself, it would seem to be fully removed by an inquiry into the object to be attained, or intended to be accomplished by its enactment. At the time of the passage of this Act, as we have hereinbefore stated, there was, and, for some time previous had been, several general and special laws in force, authorizing the Board of Supervisors of Tehama County to levy property taxes upon the taxable property of their county for general and special purposes, as follows:

First—Section one of the general Revenue Act of 1861, as amended in 1863, authorizing a levy of sixty cents on the one hundred dollars for county expenditures, and such additional special taxes as were authorized by law.

Second—Section thirteen of the general law for the support of public schools, (Stats. 1864–5,) authorizing the levy of thirty cents on the one hundred dollars as a special tax for that purpose.

Third—Sections thirteen and eighteen of the general law providing for public and private roads, authorizing the levy of twenty cents on the one hundred dollars as a special tax for road purposes. (Stats. 1861.)

Fourth—The special statute of 1861, page one hundred and twenty-two, authorizing the levy of ten cents on each one hundred dollars, to provide a special contingent fund for the county.

Fifth—The Tehama County Wagon Road Act of 1863, authorizing and requiring the levy of a property tax annually, sufficient to pay the interest at ten per cent; and in twenty years redeem forty thousand dollars of wagon road bonds.

Sixth—The special Act of 1864 for funding the indebtedness of Tehama County, which authorized and required the levy of a special property tax annually of not less than twenty nor more than forty cents on the one hundred dol-

lars, to pay the interest and provide a special fund for the redemption of the funded debt bonds, in the aggregate amounting to one dollar and sixty cents on each one hundred dollars of taxable property; and, in addition thereto, a sufficient percentum tax is required annually to be levied to pay the interest semi-annually at ten per cent per annum, and in twenty years redeem forty thousand dollars of wagon road bonds.

Is it probable that the object intended to be accomplished by the passage of this law was to deny to the Board of Supervisors the power of levying the taxes for special county purposes, then and theretofore authorized by statute; to withhold from the Board the power to levy a tax for the maintenance of public roads and highways, the power to levy a tax for the support of public schools, the power to levy a tax for the payment of the interest and ultimate redemption of outstanding wagon road bonds issued by the county, and to levy a tax for the payment of the interest and ultimate redemption of the county bonds for the funded debt of the county?

We are entirely satisfied the Legislature had no such object in view in the passage of this Act, yet such would be the result if the Act is held to repeal by necessary implication all the general and special Acts hereinbefore enumerated, so far as applicable to Tehama County, and authority exist only for the levy of a property tax, not exceeding, in the aggregate, eighty cents on the one hundred dollars for all purposes.

The only object the Legislature designed to accomplish by the passage of the Act under consideration, and its entire scope and effect, clearly was, to authorize the Board of Supervisors to levy annually a property tax of eighty cents on each one hundred dollars of taxable property, for general county purposes, to defray the current expenses of the county government, instead of sixty cents on each one hundred dollars for like purposes, as authorized by the first section of the general Revenue Act of 1861, as amended in 1863, here-

tofore cited.   To that extent this Act repeals that clause of
the Revenue Act of 1861, as amended in 1863, so far as
Tehama County is concerned.   The other Acts remained in
full force and effect, and the powers delegated by them to
the Board of Supervisors of Tehama County remained unim-
paired.

It follows, therefore, that the levy of property tax, as
made by the Board of Supervisors of Tehama County for
the fiscal year 1867–8, was not in excess of their authority,
but a legal, valid levy, and that defendants offered no legal
or valid defense to the action instituted for the recovery of
taxes so levied.

Judgment reversed, and cause remanded, with directions
to the Court below to enter judgment for plaintiffs as prayed
for, and remittitur directed to issue forthwith.