[No. 9276.   Department One. — January 26, 1886.]

## THE CALIFORNIA BEET SUGAR COMPANY, APPELLANT, v. JOHN T. PORTER, RESPONDENT.

FRAUDULENT JUDGMENT — ACTION TO SET ASIDE — RELIEF BY MOTION. — The action in which the judgment in question was obtained was brought by the defendant against the plaintiff. During the pendency of the

action the parties thereto entered into a compromise, and the defendant stipulated to dismiss it. The plaintiff, relying upon the stipulation, took no further steps in the matter, but the defendant, in violation of his stipulation and without notice to the plaintiff, took judgment against it. The plaintiff had no notice of the judgment until after an execution sale of its property. This action to set aside the judgment and execution sale was brought more than six months after the date of the judgment. *Held,* that the action could be maintained, and that the plaintiff was not limited to the relief by motion provided by section 473 of the Code of Civil Procedure.

Appeal from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*William Matthews,* for Appellant.

The plaintiff may maintain the action, and is not limited to the relief by motion under section 473 of the Code of Civil Procedure. (*United States* v. *Flint,* 4 Saw. 42; *United States* v. *Throckmorton,* 98 U. S. 61; *Pearce* v. *Olney,* 20 Conn. 544; *Wierich* v. *De Zoya,* 7 Ill. 385.)

*A. S. Kittredge,* for Respondent.

The action cannot be maintained, as the plaintiff had a legal remedy by motion. (Code Civ. Proc., sec. 473; *Bibend* v. *Kreutz,* 20 Cal. 110; *Borland* v. *Thornton,* 12 Cal. 445; *Green* v. *Thomas,* 17 Cal. 86; *Ketchum* v. *Crippen,* 37 Cal. 227; *Ede* v. *Hazen,* 61 Cal. 360; *Mastick* v. v. *Thorp,* 29 Cal. 447.)

McKee, J.—The object of the action in hand is the annulment of a judgment, an execution sale thereunder, and a certificate of purchase of real property levied on and sold under the judgment and execution. The court sustained a general demurrer to the complaint in the action, and that is assigned as error.

The cause of action, as stated in the complaint, is this: On the 24th of February, 1879, defendant Porter claimed that the corporation plaintiff was indebted to him in a large sum of money, for recovery of which he com-

menced an attachment suit against the corporation in the then District Court of Santa Cruz County. Pending the suit, on the 2d of March, 1879, the parties to it compromised and settled the demand; and the defendant then stipulated and promised to dismiss the action: Upon that stipulation and promise the defendant relied, and took no further steps or proceedings in the matter, fully believing that the defendant in this action would keep his promise and dismiss that action; but instead of dismissal, he, in disregard of his stipulation, proceeded without notice to the corporation, and took judgment therein for the amount demanded in the complaint, and which had been settled and satisfied, had an execution issued upon the judgment, and caused it to be levied upon the real property of the corporation, which had been attached in the action, and sold at execution sale,— defendant himself being the purchaser.

It is alleged that the cause of action was settled and satisfied on the 2d of March, 1879; that the judgment was taken on the 10th of July, 1879; and it appears that the action in hand was commenced on the 5th of April, 1880, six months after the sale, and nearly nine months after the judgment.

The contention is, that the action is not maintainable, because the corporation plaintiff had a plain, speedy, and adequate remedy by motion, under section 473, Code of Civil Procedure, to set aside the judgment, and as it neglected to avail itself of that remedy, equity will not interfere. Section 473 provides:—

"The court may, . . . . upon such terms as may be just, relieve a party, or his legal representative, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding is taken."

It has been held in *Bibend* v. *Kreutz,* 20 Cal. 109, *Ketchum* v. *Crippen,* 37 Cal. 233, and *Ede* v. *Hazen,* 61 Cal. 360, that so long as the statutory remedy by motion to set aside a judgment exists, the assistance of a court of equity cannot be invoked. But none of those cases involved the question of judgment fraudulently taken against an injured party and executed by a sale of his real property.

Besides, the time for making such a motion against the judgment involved in this case had passed when the action was commenced, and the complaint shows that the judgment was taken after satisfaction of the cause of action, in violation of a stipulation and promise to dismiss the action, and without knowledge or notice of the subsequent proceedings in which it was taken, until after the sale of the property. Such being the case, there would seem to be no fault or laches imputable to the plaintiff which would operate to bar its rights to relief in equity against the judgment obtained in such circumstances.

In *Lapham* v. *Campbell,* 61 Cal. 296, we held that where a complaint in an original action for relief against a judgment fraudulently taken shows sufficient reasons why the statutory remedy by motion has not been resorted to, the action is maintainable. And subsequently, in *Baker* v. *O'Riordan,* 65 Cal. 368, it was held that a judgment taken by fraud, and without notice to the injured party, is absolutely void. A judgment taken in such circumstances is not taken through mistake, inadvertence, surprise, or excusable neglect, within the meaning of section 473 of the code, and the party against whom such a judgment is taken has the right to an original action to have it annulled by the judgment of a court of equity.

It is a general rule that if relief be obtainable against mistakes or errors of law or fact committed in a judicial proceeding, the statutory remedies for relief must be

resorted to in the proceeding itself. "But," as the Supreme Court of the United States says, in *United States* v. *Throckmorton*, 98 U. S. 65, 66, "there is an admitted exception to this general rule in cases where by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side;—these, and similar cases which shows that there has never been a real contest in the trial or hearing of the case, are reasons for which a suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells's Res Adjudicata, sec. 499; *Pearce* v. *Olney*, 20 Conn. 544; *Wicrich* v. *De Zoya*, 7 Ill. 385; *Kent* v. *Richards*, 3 Md. Ch. 392; *Smith* v. *Lowry*, 1 Johns. Ch. 320; *De Louis* v. *Meek*, 2 Iowa, 55. In all these cases, and many others which have been examined, relief has been granted on the ground that by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court."

The court below erred in sustaining the demurrer and dismissing the action.

Judgment reversed, and cause remanded with direction to overrule the demurrer and allow the defendant time to answer.

Ross, J., and McKinstry, J., concurred.